## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LaPHONSE AKILIO YOUNG,         :

    Petitioner,                :

vs.                            :     CA 05-0257-BH-C

SHERIFF JACK S. TILLMAN,       :
et al.,
                               :
    Respondents.

## REPORT AND RECOMMENDATION

    This cause is before the Court on the United States' notice of petitioner's release from prison and motion to dismiss the instant habeas proceeding, brought by petitioner pursuant to 28 U.S.C. § 2241, with prejudice. (Doc. 25) Based upon a review of all pleadings filed in this case, the undersigned, pursuant to 28 U.S.C. § 636(b)(1)(B), recommends that petitioner's § 2241 habeas corpus petition be dismissed with prejudice because this Court lacks subject matter jurisdiction to grant Young habeas relief.

## FINDINGS OF FACT

    1.    LaPhonse Young filed a § 2241 habeas corpus petition in this Court on April 29, 2005, seeking his immediate release from the Mobile County Metro Jail on the basis that he was being held by the Federal Bureau of

Prisons beyond his release date. (*See* Doc. 1)

  2. The United States filed its response to the petition on August 17, 2005. (Doc. 15) "[T]he [petitioner] has not reached the end of his sentence, and he remains at the Mobile County Metro Jail, a correctional institution lawfully designated by the Federal Bureau of Prisons for the remainder of [his] sentence." (*Id*. at 1) Because the United States' response provided "no credible evidence" supporting its calculation of petitioner's "end of sentence" date, the undersigned, on September 13, 2005, ordered the United States to expand the record "with credible evidence establishing Young's 'end of sentence' date and, if applicable, how that date has been impacted by any good time earned or lost by Petitioner." (Doc. 19)

  3. The United States filed its response to the Court's order on September 20, 2005. (Doc. 23) According to the United States, the information it was supplying to the Court clearly established that petitioner would "lawfully remain in the custody of the Attorney General until October 19, 2005." (*Id*. at 3) Following receipt and review of the United States' supplemental response, the United States Attorney was notified by Court staff that the evidence provided did not clearly establish that petitioner's "end of sentence" date was October 19, 2005.

  4. On October 3, 2005, the United States filed a notice of

2

petitioner's release from prison, advising the Court that Young was released from the Mobile County Metro Jail on September 30, 2005. (Doc. 25) The United States further contended in this pleading that because petitioner had been released from prison his § 2241 petition was moot and required this Court's dismissal of the action with prejudice. (*Id*.) Because the United States was unable to serve this pleading upon Young (*id*. at 2, Certificate of Service ("The United States was unsuccessful in attempting to ascertain a forwarding address for the [petitioner's] correspondence. Accordingly, the United States has not served a copy of this pleading upon the [petitioner].")), the undersigned, upon receipt of Young's notice of change of address (Doc. 26), ordered the Clerk of the Court to serve a copy of the United States' pleading upon Young at his current address (Doc. 27). In the order entered by the undersigned on October 12, 2005, Young was instructed to file his response to the motion to dismiss on or before October 31, 2005. (*Id*.) To date, Young has not responded to the motion to dismiss made by the United States. (*See* Case Action Summary Sheet)

## **CONCLUSIONS OF LAW**

1.    "Federal district courts have jurisdiction to entertain habeas petitions only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Van Zant v. Florida Parole Comm'n*, 104 F.3d 325, 327 (11th Cir. 1997), quoting 28 U.S.C. § 2241(c)(3). When the

3

sentence imposed for a particular conviction has completely expired, a petitioner is not considered to be "in custody" to challenge that conviction. *Id*. "When the 'sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual "in custody" for the purposes of a habeas attack upon it.'" *Id*., quoting *Maleng v. Cook,* 490 U.S. 488, 492, 109 S.Ct. 1923, 1926, 104 L.Ed.2d 540 (1989).

    2. The sole ground upon which Young was seeking relief in this Court, pursuant to 28 U.S.C. § 2241, when he filed his petition on April 29, 2005, was that he was being held beyond his final release date. (*See* Doc. 1) Inasmuch as Young received a good conduct time release from prison on September 30, 2005 (Doc. 25), the undersigned finds that his sentence has completely expired and he is no longer in custody for purposes of challenging his federal convictions. Accordingly, this Court lacks subject matter jurisdiction to grant Young habeas corpus relief under § 2241. *See* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless– [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]").[1]

---

[1] The undersigned would also note, parenthetically, that petitioner did not exhaust his administrative remedies with the Bureau of Prisons in regard to the calculation of his release date and,

## **CONCLUSION**

The Magistrate Judge recommends that petitioner's habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED** inasmuch as this Court lacks jurisdiction to grant habeas relief since Young no longer meets the "in custody" requirement of the statute.

**DONE** this the 7th day of November, 2005.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

therefore, his § 2241 petition is due to be dismissed on this basis as well. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("The Bureau of Prisons is [] responsible for computing that sentence and applying appropriate good time credit. . . . The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. . . . Exhaustion of administrative remedies is jurisdictional."); *see Brown v. McFadden*, 416 F.3d 1271, 1272 (11th Cir. 2005) ("After exhausting all BOP administrative remedies, Brown filed his 28 U.S.C. § 2241 petition in the district court.").